Sneed, J.,
delivered tbe opinion of tbe court:
This action was brought by tbe First ’.National Bank of Murfreesboro, for use of Thomas Spain, against W. 3ST. Doughty, upon tbe facts hereinafter stated, and resulted below in a judgment sustaining tbe defendant’s demurrer to tbe declaration, from which tbe plaintiff has appealed. Tbe action is brought upon the state of facts following, as averred in tbe declaration, and to recover damages for tbe wrong and injuries therein’complained of: Tbe plaintiff on tbe 20th of March, 1873, was a creditor of one Robert P. Smith, in tbe sum of seventeen hundred dollars, a debt provable in bankruptcy. On that day, tbe said Smith conveyed, by mortgage, to tbe Republic Life Insurance Com *585 pany of Chicago, certain real estate of which he was seized, in the county of Butherford, to secure a debt of fifteen hundred dollars due to said company. At the time of said conveyance, said company had a local directory in said county, the defendant, Doughty, being one of said direct: ory, and also a stockholder in said company. The declaration further avers, that at the time of said conveyance, the defendant was register in bankruptcy for the district in which said real estate was situated; that at the time of said conveyance, the said Bohert P. Smith was insolvent, and that said conveyance was made with a view to prefer said Bepublic Life Insurance Company over the other creditors of the said Smith, and to delay, hinder, and impede the operation and effect of the bankrupt law of the United States, and that said company and the defendant had reasonable cause to believe that said Smith was insolvent, and that he made said conveyance for purposes aforesaid; that within six months after the registration and acknowledgment of said conveyance, the plaintiff prepared a petition addressed to the judge of the United States district court, presiding at Nashville, to have said Smith declared a bankrupt by reason of said conveyance, and that he was after-wards so adjudged. That within six months after said conveyance, he, the plaintiff, deposited with the defendant, Doughty, register in bankruptcy, the said petition, and paid him fifty dollars costs, as required by the practice of the bankrupt court, and gave security for the balance of the costs, which +he defendant then and there accepted and approved, when the defendant falsely and fraudulently stated to the plaintiff that the depositing of said petition with him was the commencement of the proceeding in bankruptcy against said Smith, when, in fact and in truth, as defendant well knew, such proceedings only commenced by filing said petition in the office of the district court of the United States at Nashville. The plaintiff further avers that the defendant undertook and promised that he would *586 file said petition, before tire expiration of six months from the registration of said mortgage, but that the defendant, with a view to prevent the said house and lot, or the proceeds thereof, from being equally distributed amongst the creditors of said Smith, and to defeat the plaintiff in beginning proceedings against said Smith within six months after registration and acknowledgment of said deed, fraudulently withheld the same and failed to file it with the clerk of the said district court until the six months had expired whereby the said Republic Life Insurance Company received said house and lot, and the proceeds thereof, and defeated and defrauded the plaintiff of his just pro rata share of the proceeds of said property, to his damage two thousand dollars.
These are the substantial averments of the declaration.
The first ground of demurrer is, that the plaintiff is seeking to charge the defendant, as register in bankruptcy, in his official capacity, and that the state court has no jurisdiction thereof. The second ground is, that the plaintiff seeks to charge the defendant on the allegation that defendant falsely and fraudulently represented to plaintiff that the depositing of said petition with the said defendant was the commencement of proceedings in bankruptcy, when, in fact, as defendants well knew, such proceedings were only begun by filing said petition in the office of the district court, and defendant says this allegation is insufficient, for that plaintiff was bound to know the law, and cannot avail himself of ignorance thereof, not averring with said allegation, that the defendant stood in such relation to him as attorney, counsel, or otherwise, so that false and fraudulent representations might have misled or overreached him, had the defendant been guilty thereof.
The third ground of demurrer is, that the plaintiff seeks to charge defendant that he, defendant, undertook and promised that he would file said petition before the expiration of six months from the registration of said mortgage, *587 but be avers that defendant, with the view to prevent the said house and lot from being equally distributed, and with a view' to defeat plaintiff in said proceeding, fraudulently withheld the same, and failed to file it with the clerk; that this charge is insufficient without the averment that it was the official duty of the defendant, as register in bankruptcy, to file said petition with the clerk, or that defendant occupied any other relation than an unofficial or a nonprofessional one to the plaintiff, so that the said undertaking and promise was without consideration, and plaintiff does not aver that there was any consideration for such promise.
The question is, can the action be maintained upon the facts set forth in the declaration, and was the judgment upon the demurrer correct?
The bankrupt act pronounces void any sale, transfer, or assignment of property made by an insolvent person within six months before the filing of a petition in bankruptcy by or against him to any person who then has reasonable cause to believe the vendor or assignee insolvent, or acting in contemplation of. insolvency, and that such sale or assignment is made with a view to prevent his property from coming to his assignee in bankruptcy, or to prevent the same from being distributed under said act, or to defeat the object of, or in any way impair, hinder, impede, or delay the operation of or effect, or to evade, any of the provisions of the act, and provides that the assignee in bankruptcy in such case may sue for and recover suph property, or the value thereof, as assets of the bankrupt. Rev. Stat. ü. S., sec. 5129.
It does affirmatively appear, then, from the averments of the declaration, that the mortgage of the defendant’s property would have been void under this statute had the proceedings in bankruptcy been begun in time, lie was adjudged a bankrupt, and as the petition was filed more than six months after the mortgage, the plaintiff was damaged to the amount of what would have been his pro *588 rata in the proceeds of the estate conveyed had the petition been filed in time. This was a wrong and damage to him which the declaration charges was occasioned by the wrongful and fraudulent act of the defendant. If the damage and fraud concur, it neyer was doubted that an action on the case may be maintained. The action is not against the defendant for an official malfeasance as an officer.. The gravamen of the action is the personal wrong and fraud by which the plaintiff was damaged.
The defendant is described as the register, by way of inducement and to aggravate the deceit of the false representation averred. If there was nothing else in the declaration than the averment that the defndant, being a stockholder and director of the insurance company, took charge of the petition, accepted the fees of the office, and then and there undertook and promised to file it, and fraudulently omitted, neglected, and refused to do so, by which plaintiff lost his debt, we think the action might well lie. The plaintiff has, more circumstantially, perhaps, than necessary, set out the facts. In some of the early cases that still stand for good law, it was held that a false representation of a fact by a defendant, who had no interest in the subject-matter, was a fraud, and if the plaintiff was damaged by it he had his action.
We think the supreme court of North Carolina has very tersely stated the true doctrine in such cases. “Where the law,” say the court, “from a given statement of facts raises an obligation to do a particular thing, and there is a breach of the obligation and consequent damage, an action on the case founded on the breach is the proper action.” Bond v. Hilton, Bush Rep., 308. Would not the law raise upon the averments of this declaration an obligation upon the defendant to file the petition? Was the plaintiff damaged by his failure to do so? If these two questions are with the plaintiff, there can be no doubt of his right of action. It is said by the demurrer that there was no con *589 sideration for the defendant’s promise to file the petition. The action is not upon the contract hut upon the tort. It is said by Lord O. B. Oomyns, in his digest, that “an action upon the case for a deceit lies when a man does any deceit to the damage of another.” [1 Comyn’s Dig., 230.]
In regard to this statement of the principle, Lord Kenyon says “he has cited no authority for this opinion, but this opinion is alone of great authority, as he was considered as the most able lawyer in Westminster Hall.”
The old doctrine as given in Bagley v. Merritt, 3 Butch., 95, has been recognized everywhere that fraud without damage, or damage without fraud, gives no cause of action, but when the two concur an action lieth. A sound, solid principle, said Ashurst, J., in Paisely v. Freeman, 3 T. R., 51; 2 Smith’s L. C. The doctrine of the last" case cited was by this court approved in Allison v. Tyson, 5 Hum., 450, where the case of Upton v. Vail is cited, in which Kent, Ch. J., said, independent of the English cases, he placed his opinion upon the broad doctrine, “that fraud and damage coupled together will sustain the action. Upton v. Vail, 6 John. Rep., 183. We must hold that the demurrer was improperly allowed. The case upon its facts is a novelty, but the principle to which we have referred it is not. The old pioneers of the common law have opened the way, and it is always safe to follow the blazes.
Let the judgment be reversed, and the cause remanded.